W. X. HUBER Co., A/C D. A. HOLN, INC., ET AL. *v.* UNITED STATES.

No. 5744.—Invoices dated Tunstall, England, January 12, 1938, etc.
  Certified January 17, 1938, etc.
  Entered at Los Angeles, Calif., February 18, 1938, New York, N. Y., April 24, 1941, etc., and Portland, Oreg., May 3, 1939, etc.
  Entry Nos. 8551, 758117 etc., and 1439, etc.

(Order dated October 23, 1942)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

ORDER

DALLINGER, Judge: These appeals to reappraisement involve the question of the dutiable value of certain glazed earthenware tiles imported from England and in appeal 140088–A entered at the port of Los Angeles at the invoice prices as representing the export values, and which were appraised on the basis of foreign value at higher prices.

At the hearing, held at Los Angeles on December 5, 1941, it was stipulated by and between counsel for the respective parties in open court, that if the court should find that there existed for said merchandise no foreign value, then and in that event the invoice values correctly represented the proper dutiable values.

The plaintiffs then offered in evidence the testimony of Robert S. Dick, who testified that he was the sole owner of Robert S. Dick & Co., which was a fictitious name; that two contracts between H. & R. Johnson, Limited, the exporter herein, and Robert S. Dick & Co. were entered into, dated respectively October 6, 1922, and January 1, 1938, which contracts were admitted in evidence as exhibits 1 and 2, respectively; that the first contract was in effect until superseded by the second contract; that the instant merchandise was sold to Donald A. Holm, Inc., of Los Angeles, and that he, the witness, received the commission on such sale; that there was no exclusive agreement between the witness and said Donald A. Holm, Inc., for the sale of such merchandise, the witness being free to sell to anybody, and that he did not know whether there was any exclusive agreement between H. & R. Johnson, Limited, and the said Donald A. Holm, Inc., during the period covered by the two contracts in question.

Both of said contracts (exhibits 1 and 2) purport to make Robert S. Dick & Co. of Los Angeles the exporter's sole agent, in the case of the first contract, in the State of California, and in the case of the second contract in the United States, except the State of Florida, for the sale of tiles. The agreements, however, provide that the said agent shall sell the principal's goods at such prices and subject to such discounts as the principal shall from time to time determine, the agent receiving a 5 per centum commission on such sales; and that all accounts shall be paid by the customers directly to the principal.

On cross-examination the witness testified that he was not a member of Donald A. Holm, Inc., and that Holm sold said tiles in the United States.

On redirect examination the witness testified that Donald A. Holm, Inc., was a corporation.

On recross-examination the witness testified in part as follows:

R. X Q. When you said you were free to offer to anybody, do you offer these tiles to anybody?—A. I would say I have been approached half a dozen times, but I got to sell them f. o. b. Liverpool. I can't sell them delivered in this country, consequently the deal has always fallen through because I can't quote a price. I can't give him the cost of the items of freight, insurance, and the rate of exchange, so I have been stymied.

＊　　　＊　　　＊　　　＊　　　＊　　　＊　　　＊

R. X Q. Because of the fact you didn't have that information, you can't offer them?—A. I offered them f. o. b. Liverpool, but nobody would take them.

R. X Q. Did you offer them; did you go out and freely offer them?—A. Several years ago I did.

R. X Q. How many years ago?—A. As late as 1923 and 1924, or 1922 to 1924.

R. X Q. And how long after?—A. Just up to 1925.

R. X Q. And then you stopped?—A. Nobody would take them f. o. b. Liverpool.

On re-redirect examination the witness testified:

R. R. Q. If anyone offered to buy this merchandise f. o. b. Liverpool during any of this period, would you have been willing to sell that merchandise?—A. Sure.

R. R. Q. Can H. & R. Johnson Limited sell to anyone in your territory or to anyone in the United States direct so long as they pay you your commission?—A. Absolutely.

The plaintiffs then offered in evidence an affidavit sworn to by W. E. Sergeant, commercial and sales manager of H. & R. Johnson, Limited, the exporter herein, the said affidavit being verified August 11, 1941, and admitted in evidence as exhibit 3. In said affidavit the affiant states that he personally supervised the sales of the tiles sold by H. & R. Johnson, Limited, to Donald A. Holm, Inc., of Los Angeles covered by the invoices herein; that from October 6, 1922, to October 1938, H. & R. Johnson, Limited, engaged as its sales agent in the State of California Robert S. Dick & Co. of Los Angeles, and that from January 1938, to the present time the said Robert S. Dick & Co. was employed by the said H. & R. Johnson, Limited, as its sole agent

for the entire United States with the sole exception of the State of Florida; that as part of affiant's duties it was necessary for him to be personally familiar with the kind and quality of tiles sold in Great Britain for home consumption as well as for export to foreign markets; that at the present time the only quality of tile sold for export to the United States was what is known as "standard export quality"; that all tiles sold to Donald A. Holm, Inc., in 6-x ½-inch dimensions, with invoice designations of HIPW, HIP, K, L, and HIPZ, and known as "liners," are manufactured solely for export to the United States; that said liners have no market in the home trade or for export to countries other than the United States; that the affiant endeavored to promote the sale of said liners in such markets but without success; that a few isolated sales in insignificant quantities were made, but not in the ordinary course of trade; that representatives of the United States Treasury Department stationed in London had visited the factory of H. & R. Johnson, Limited, and inspected said sales invoices and had advised the affiant that such sales were of no consequence; that the balance of the tiles sold to said Donald A. Holm, Inc., are manufactured and sold for home consumption in Great Britain but are not of standard export quality; that there are no minimum quantities stipulated in his company's offers of sale and the same price prevails regardless of quantity; that H. & R. Johnson, Limited, issues price lists for the home market, but the said lists only include the items and qualities in demand for such market; and that no price list is issued for the United States market, which market takes standard export quality, a grade not offered in any other market during any of the periods of time here in question.

Annexed to the affidavit is a price list of tiles offered for sale for home consumption in England.

After the admission of said affidavit, counsel for the plaintiffs cited the case of *Gerlach* v. *United States*, Reap. Dec. 5084, wherein, under similar circumstance, this court held that there was no exclusive agency, and that there existed an export value. Thereupon the plaintiffs rested and counsel for the Government moved to dismiss these appeals on the ground that the importers had not established a *prima facie* case, which motion was denied by the trial judge.

The Government then offered in evidence two special agents' reports which were admitted in evidence as collective exhibits 4 and 5, respectively. Both of said defendant's exhibits, as well as the plaintiff's exhibits, were admitted in evidence subject to objections to be subsequently raised in the briefs to be submitted by the respective counsel as to the admissibility or relevancy of said exhibits.

In the brief filed herein by counsel for the plaintiffs objection is made to the admissibility of collective exhibits 4 and 5 (special agents' reports) on two grounds; the first, that they were not official docu-

ments properly certified to; and second, that upon their face they were incomplete in that they were not accompanied by the samples referred to therein. Counsel cites numerous authorities in support of both contentions. However, after careful consideration I am satisfied that there is no merit in the first contention, and therefore the objection based thereon is accordingly overruled.

There is, however, merit in the second contention, inasmuch as a certified copy of an incomplete report is a contradiction in terms, and such a document is plainly inadmissible. The certification itself states that the copy in question has been compared with the original document and is a true and correct copy thereof. In the special agent's report 507/818 (defendant's collective exhibit 4) on page 23, occurs the following:

SAMPLES OF TILES SOLD IN THE HOME MARKET:
There are transmitted herewith, together as Exhibit "H", samples of the following 6″ x ½″ tiles covered by the above home market sales:

> K–5024/A
> K–5037/A
> K–5040/A
> L–5041/ZA
> HIP 847/A
> HIP 846/3
> HIPW 815/D
> HIPW 846/4
> 8403
> H.79
> 5040

Likewise in the special agent's report 507/485 (defendant's collective exhibit 5) the following statement occurs on page 3 under the heading Export Value:

There are transmitted herewith, marked Exhibit "A" four samples of these various types of tiles sold to the United States, as follows:

> K–5040–A
> L–5041–ZA
> H.I.P.W.–847/E
> H–553.

And under the heading Foreign Value, on page 4, there appears the following:

There are transmitted herewith marked Exhibit "D", four samples of border titles 6″ x 1″ of the same styles as those sold to the United States in the 6″ x ½″ size as follows:

> K–5001–A
> L–5020–ZD
> HIDW–833/3
> H–533.

None of these samples—which certainly form a material part of the exhibits—accompanied the same, and their absence, in my opinion,

is a fatal objection to the admissibility of the entire exhibits. Inasmuch, however, as these exhibits constitute the entire case for the Government, and for the reason that they may have been inadvertently mislaid in the appraiser's office at Los Angeles, and in the interest of justice, I hereby order that these appeals be restored to the next Los Angeles docket for the purpose of giving counsel for the Government an opportunity to produce the said samples, if they are in existence.